# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## BALTIMORE DIVISION

|  |  |
|---|---|
| Cynthia Marine, | : |
| | : |
| Plaintiff, | : Civil Action No.: 1:15-cv-03172 |
| | : |
| v. | : |
| | : **COMPLAINT** |
| Liberty Power Corp, LLC, | : |
| | : |
| Defendant. | : |
| | : |

For this Complaint, Plaintiff, Cynthia Marine, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.      Plaintiff, Cynthia Marine ("Plaintiff"), is an adult individual residing in Baltimore, Maryland, and is a "person" as defined by 47 U.S.C. § 153(39).

4.      Defendant, Liberty Power Corp, LLC ("Liberty Power"), is a Florida business entity with an address of 1901 West Cypress Creek Road, Suite 600, Fort Lauderdale, Florida 33309, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5.      In or around January 2013, Liberty Power began calling Plaintiff's cellular telephone, number 410-XXX-8873, from telephone number 877-436-7162 using an automatic

telephone dialing system ("ATDS" or "predictive dialer").

6.      At all times mentioned herein, Liberty Power called Plaintiff to solicit its services.

7.      When Plaintiff answered calls from Liberty Power, she heard silence before being connected to a live representative.

8.      Plaintiff never provided her cellular telephone number to Liberty Power and never provided her consent to receive automated calls.

9.      During a conversation with a live representative, Plaintiff told Liberty Power that she was not interested in their services.  The representative promised to remove Plaintiff's number from the system.

10.     Nevertheless, Liberty Power continued to place automated calls to Plaintiff's cellular telephone number.

**COUNT I**
**VIOLATIONS OF THE TCPA –**
**47 U.S.C. § 227, *et seq.***

11.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.     At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

13.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration."  *Id*.  In addition, the TCPA places prohibitions on companies

2

that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14.     Defendant's telephone system(s) have some earmarks of a predictive dialer. When Plaintiff answered calls from Defendant, she heard silence before Defendant's telephone system would connect her to the next available representative.

15.     Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16.     Despite promising to stop calling, Defendant continued to place automated calls to Plaintiff's cellular telephone number.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17.     The telephone number called by Defendant was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

18.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 19, 2015

Respectfully submitted,

By   */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF